# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAREK NELSON, | Case No. 19-CV-2504 (DSD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| THE CRIME VICTIMS REPARATIONS ACT and MAT CASSELL, #235764, | |
| Defendants. | |

In an order dated September 18, 2019, this Court calculated plaintiff Darek Nelson's initial partial filing fee to be $51.22. (*See* Dkt. 3 (citing 28 U.S.C. § 1915(b)).) Nelson was given twenty days from the date of that order to pay the initial partial filing fee, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Nelson has not yet paid the initial partial filing fee.[1] Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a

---

[1] On September 27, 2019, Nelson filed a document with the Court suggesting that he plans to refile this action in state court. (*See* Dkt. No. 4.) Although the letter did not constitute a formal notice of voluntary dismissal pursuant to Rule 41(a), it does indicate that Nelson no longer intends to prosecute this action in this venue.

plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: October 17, 2019              *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).